**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**BARBARA REIDER, as personal**
**representative of the ESTATE OF**
**RICHARD REIDER, SR.,**

     **Plaintiff,**

**v.**                                                                  **CASE NO.  3:09-cv-10465-WGY-JBT**

**R.J. REYNOLDS TOBACCO COMPANY,**
**et al.,**

     **Defendant.**

**_____/**

## ORDER

Pending before the Court is the jury verdict rendered on February 25, 2014 (doc. 263), and Plaintiff's in-court objection on grounds that the verdict as rendered is inconsistent.  Plaintiff's objection arises from the jury's finding on special interrogatories that Defendant was liable on claims of negligence and strict liability and assigning 5% of the responsibility for Richard Reider, Sr.'s death to the Defendant's conduct, but awarding $0.00 in damages (doc.263; doc.262, Jury Instructions, at 17-18).

The Seventh Amendment to the United States Constitution demands that, if there is a view of the case which makes the jury's answers consistent, the Court must adopt that view, irrespective of equally plausible reasons that would require reversal. *See, e.g., Technical Res. Servs., Inc. v. Dornier Med. Sys., Inc.*, 134 F.3d 1458, 1464 (11th Cir. 1998); *Aqachem Co., Inc. v. Olin Corp.*, 699 F.2d 516, 521 (11th Cir. 1983).  "The test to be applied in reconciling apparent conflicts between the jury's answers is whether the answers may fairly be said to represent a logical and probable decision on the relevant issues as submitted . . . ." *Aquachem Co.*, 699 F.2d at 521 (internal marks omitted); *see*

*also Technical Res. Servs.*, 134 F.3d at 1464; *Hattaway v. McMillian*, 903 F.2d 1440, 1449 (11th Cir. 1990); *Burger King Corp. v. Mason*, 710 F.2d 1480, 1489 (11th Cir. 1983), *cert. denied*, 465 U.S. 1102 (1984). It is thus the Court's Constitutional duty to harmonize answers if possible under a fair reading of them, and where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way. *Gallick v. Baltimore & Ohio R.R.*, 372 U.S. 108, 119 (1963) (quoting *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 364 (1962));*Technical Res. Servs.*, 134 F.3d at 1464. The Court must act in accordance with this duty to harmonize answers in fairness and, if possible, adopt a view of consistency. *See Gallick*, 372 U.S. at 119 (expounding the court's duty to reconcile the jury's findings, "by exegesis if necessary"*);* *Aquachem Co.*, 699 F.2d at 521; *Technical Res. Servs.*, 134 F.3d at 1464.

In evaluating the jury's answers to the verdict form here, it is clear that the jury's responses can and should be harmonized as consistent. In response to Question 1, the jury found that Richard Reider, Sr. was addicted to cigarettes containing nicotine, and further found in Question 2 that Richard Reider, Sr.'s addiction to cigarettes containing nicotine manufactured by the Defendant was a legal cause of his death. In Question 3, the jury found Richard Reider, Sr. 95% at fault for his own death and Defendant Philip Morris USA, Inc. 5% responsible. In answering Question 8, however, the jury found zero damages for Plaintiff Barbara Reider's loss of services, loss of companionship and protection, and mental pain and suffering resulting from Richard Reider, Sr.'s lung cancer and death. While the jury was instructed that in answering Questions 1 and 2 in the affirmative, they would find for Plaintiff on her negligence and strict liability claims, those claims necessarily fail as a matter of law in the absence of a finding of actual damages. *See, e.g., Clay Elec. Co-op., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003) (adopting Prosser and Keaton on the Law of Torts 164-65, requiring actual loss or damage as an element of negligence); *West v. Caterpillar Tractor Co., Inc.*, 336 So. 2d 80, 87 (Fla. 1976) (adopting Restatement (Second) of Torts § 402A, requiring harm as an element of strict liability).

On consideration of the whole record in light of its Constitutional duty to endeavor to harmonize the jury's verdict responses, the Court concludes that the jury's factual determination that Plaintiff had no recoverable damages despite its finding that Defendant was 5% responsible for Richard Reider, Sr.'s death, is not inconsistent but is instead supported by the evidence presented at trial.   The jury simply did not believe that the Plaintiff had sufficiently proven her claim of damages, despite sending a message that the Defendant was not without fault.   This, coupled with Plaintiff's inability to recover for Richard Reider, Sr.'s pain and suffering (doc. 127; doc. 169; doc. 262), ultimately led to the jury's decision and valuation, which this Court will not disturb.

Accordingly, the Court finds that the Defendant is the prevailing party in this case under 28 U.S.C. § 1920.  The Court has broad discretion in making such a determination. *See, e.g.,Technical Res. Servs*., Inc., 134 F.3d at 1468; *Tanker Mgmt., Inc. v. Brunson*, 918 F.2d 1524, 1527 (11th Cir. 1990).  A prevailing party has been defined by the Eleventh Circuit as "usually the litigant in whose favor judgment is rendered . . . even though he has not sustained all his claims." *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995).  "Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced." *Id.*   A finding of liability but no compensatory damages has, for example, been found sufficient to support a plaintiff's prevailing party status when nominal damages were awarded. *See Three-Seventy Leasing Corp. v. Ampex Corp*., 528 F.2d 993, 998 (5th Cir. 1976).[1]   A distinction exists, however, between an award of nominal damages and an award of zero damages.  *See Farrar v. Hobby*, 506 U.S. 103, 112-13 (1992) (discussing prevailing party status under 42 U.S.C. § 1988).  A judicial pronouncement, unaccompanied by an enforceable judgment on the merits, does not render the plaintiff a prevailing party. *See id.*   Moral satisfaction that results in a favorable statement of law cannot alone bestow prevailing party status. *See id.*   When, as here, a plaintiff is unable to enforce a judgment, consent decree, or settlement against the defendant, no material alteration of the legal relationship between the parties has occurred*. See id.*   The jury's verdict in the case at bar caused no such

---

[1]  *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting the case law of the former Fifth Circuit developed before October 1, 1981, as precedent in this circuit).

alteration (doc. 263), and as a result, Plaintiff cannot claim prevailing party status.  The Court, therefore, finds the Defendant is the prevailing party entitled to costs for both trials. *See Technical Res. Servs., Inc.*, 134 F.3d, at 1468; *see also* Award of Costs to the Prevailing Party, 10 Fed. Prac. & Proc. Civ. § 2667 (3d ed.) (noting that the prevailing party at a second trial is usually awarded the costs of both trials).

Accordingly, it is hereby **ORDERED**:

1.    Pursuant to the jury verdict rendered on February 25, 2014 (doc. 263), the Clerk is directed to enter final judgment in favor of Defendant Philip Morris USA, Inc. on all claims and against the Plaintiff, Barbara Reider as Personal Representative of the Estate of Richard Reider, Sr.

2.    Costs to be taxed against the Plaintiff.

3.    The Clerk is directed to close the file.

**DONE AND ORDERED** on this  5th day of March, 2014.


s/ *M. Casey Rodgers*

**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**